IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 4:24-CR-352 |
| Plaintiff, | ) |
| | ) JUDGE SOLOMON OLIVER, JR. |
| v. | ) |
| | ) |
| NICHOLAS GRAHAM, | ) **ORDER ALLOWING DISCLOSURE** |
| BRIAN VOTINO, | ) **OF SEALED MATERIALS AND** |
| | ) **PROTECTIVE ORDER** |
| Defendants. | ) |

WHEREAS the United States has moved this Court for an Order permitting the Government to disclose to the Defense Teams (as defined herein) copies of the Title III wiretap applications, affidavits, and orders, as well as the search warrants, supporting affidavits, applications, and warrant returns related to this case;

WHEREAS the United States has moved the Court for, and Defendants have not objected to, entry of a protective order applicable to Discovery Material (defined herein) that is produced in this case;

WHEREAS, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court finds that good cause exists for the entry of a protective order in this case; and

WHEREAS the United States has proposed, and Defendants have not objected to, a procedure that allows reasonable use of Discovery Material to allow Defendants to prepare for trial in this case.

IT IS HEREBY ORDERED:

1. As used in this Order,

1

(a) "Defense Team" shall mean: each defendant's counsel of record in this case; employees of defense counsel (and their associated law firms, if any) in this case; and other personnel engaged or employed by defense counsel in connection with this case, including any experts or interpreters.

(b) "Discovery Material" shall mean: all documents and electronically stored information disclosed by the government to any Defense Team as *Jencks* material or otherwise during discovery in this case.

2. All Discovery Material shall be used solely for the purpose of conducting pretrial, trial, appellate, and collateral proceedings in this action and for no other purpose whatsoever. In no event will a Defense Team disclose, directly or indirectly, Discovery Material or the substance thereof to anyone, including the media (excepting any disclosures that may occur during public proceedings at a hearing, trial, or appeal in connection with this matter), except as provided herein. The use of Discovery Material at trial or at any pre- or post-trial hearings will be resolved at the time of the trial or hearing in question.

3. Prior to the disclosure of Discovery Material, under this Order, each Defendant and counsel of record shall sign the appropriate attached Acknowledgment and either provide a copy to the government or file the signed Acknowledgment *ex parte* and under seal with the Court. Before receiving, reviewing, or discussing Discovery Material, each additional Defense Team member shall also sign the appropriate attached Acknowledgment and either provide a signed copy to the government or file it *ex parte* and under seal with the Court. The Court will maintain any filed Acknowledgements under seal. However, if the Court has reason to believe that a violation of this Order has occurred, the Court may then open a sealed Acknowledgement and disclose it to an appropriate investigating authority.

4. A Defense Team member shall not disclose or disseminate any Discovery Material or the substance thereof to any defendant or other Defense Team member unless that individual has signed the appropriate Acknowledgement that has been provided to the government or filed *ex parte* and under seal with the Court. The disclosing Defense Team member and the government may rely on a representation by the government or another Defense Team member regarding compliance with this Order.

5. In furtherance of its investigation and trial preparation, a Defense Team may disclose Discovery Material to potential witnesses,[1] under the following conditions:

(a) Prior to the actual disclosure, a member of a Defense Team must provide an Acknowledgment and a copy of this Order to the witness, read or summarize to the witness the pertinent parts of the protective order that prohibit witnesses from conveying any information to any other person or entity, and orally advise the witness of his or her obligation to comply with its terms;

(b) The witness will sign a written Acknowledgment—which will be provided to the government or filed *ex parte* and under seal with the Court within 72 hours of execution—that the witness has been informed of the existence of this Order, understands it, and agrees to abide by its terms;

(c) The witness shall not take any notes, otherwise record any information contained in the Discovery Material, or retain Discovery Materials or any copies thereof;

---

[1] Under this Order, "potential witness" and "witness" shall include any attorney for the potential witness or witness, provided his or her attorney (if any) also agrees to the terms of this Order.

  (d) Each Defense Team will maintain a log of all witnesses to whom disclosure is made, specifying the date of the disclosure and describing the contents of the disclosure; and

  (e) Each Defense Team will redact from the Discovery Material any social security numbers, names of minor children, dates of birth, addresses, telephone numbers, and financial account numbers before copies are shown to the witness—unless the information belongs to the witness. *Provided that*: this provision shall not be read to require any Defense Team to redact audio or video recordings.

 6. Any person to whom a disclosure is made under Paragraph 5 of this Order shall not disclose or convey any information so disclosed to any other person.

 7. In furtherance of its investigation and trial preparation, each Defense Team may ask questions of a potential witness derived from Discovery Material without advising the witness of this Order.

 8. In furtherance of its investigation and trial preparation, each Defense Team may show a potential witness copies of summary charts, photographs, or business records derived from Discovery Material as long as the conditions of Paragraphs 5 and 6 of this Order are satisfied.

 9. Paragraphs 5 through 8 shall also apply to disclosures of Discovery Material to Defendants except that:

  (a) Each defendant will sign the appropriate Acknowledgment before the government provides the Discovery Material.

  (b) Defense Team members may not provide Defendants with copies of (1) affidavits submitted in support of applications for search warrants or Title III wiretap

authorizations; (2) audio and/or video recordings or law enforcement reports of activities of confidential sources; and (3) records (written or recorded) of statements of confidential sources or other anticipated witnesses for the government or reports thereof. But Defense Team members may provide Defendants with copies of other Discovery Material, so long as Defense Team members comply with Paragraph 5(d) by documenting when copies of any documents or electronically stored information are provided to Defendants.

       (c)     Defendants will be permitted to take notes regarding the Discovery Material but will not be permitted to take notes concerning the identities or histories of any confidential sources.

10.    Nothing in this Order shall operate or be construed to operate as restricting any defendant's right to meaningful communication with his/her defense counsel or to abrogate the government's duty to provide exculpatory evidence to any defendant.

11.    Nothing in this Order shall prevent the government or any Defense Team from using Discovery Material—or from referring to or reciting any information contained in such Discovery Material—in connection with any pleadings or motions filed in this action, provided that such material is properly redacted or, if such redactions cannot be readily accomplished, filed under seal.

12.    The inadvertent or unintentional disclosure of Discovery Material shall not be deemed a waiver of the confidentiality of such material or other information relating to the same or related subject matter. Upon discovery of an inadvertent error with regard to the disclosure, all parties shall—to the extent reasonably possible—cooperate to restore the confidentiality of the material that was inadvertently or unintentionally disclosed.

13.     At the request of the government, each Defense Team shall return all copies of material that was inadvertently produced in discovery.

14.     Nothing in this Order shall prevent disclosure beyond the terms of this Order if all parties consent in writing to such disclosure or if such disclosure is ordered by the Court.

15.     Within 60 days following the conclusion of these proceedings—or the conclusion of any direct appeal from or collateral attack upon these proceedings—the Discovery Material and any copies of such material shall be returned to the government or destroyed by each Defense Team, unless the Court (or government) gives specific written permission for an exception to this requirement.

16.     Violations of this Order may be punishable by contempt of court or by whatever other sanction the Court shall deem just.

IT IS FURTHER ORDERED that the government may disclose to defense counsel copies of the applications, affidavits, and orders for the Title III wiretaps (issued under USDJ No. 18-14-YNG), as well as any search warrants, supporting affidavits, applications, and warrant returns related to this investigation and the investigation captioned under USDJ No. 18-14-YNG (including miscellaneous case no. 4:24 MJ 6234), which are presently under seal.  Defense counsel are permitted to share these documents with other members of the Defense Team, Defendants, and potential witnesses in compliance with the terms of this order.  The orders currently in place sealing these documents will otherwise remain intact.

IT IS SO ORDERED this _____ day of October, 2024.

_____
JUDGE SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE